IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KYDIAN JAEOVANNI FINNEGAN,  )
    Plaintiff )
 )
vs. ) C.A.No. 1:23-CV-326
 )
MAGISTERIAL DISTRICT JUDGE )
LAURIE A. MIKIELSKI, et al, )
    Defendants. )

## MEMORANDUM OPINION

U.S. D.J. Susan Paradise Baxter

    Pending before this Court is Defendant Mikielski's motion to dismiss. ECF No. 8. For the reasons stated herein, the motion will be granted and the claims against her dismissed.

**Procedural Background**

    This civil rights action was filed by Plaintiff Kydian Finnegan, acting *pro se*. As Defendants, Plaintiff has named Magisterial District Judge Laurie Mikielski in her official and individual capacity, Millcreek Township School District and one of its Vice Principals Matthew Calabrese in his official capacity, Millcreek Police Department and Patrolman Jason Shrader in his individual and official capacity, and the Erie County District Attorney's Office and its Investigator Todd Manges in his individual and official capacity.[1]

    Plaintiff's *pro se* complaint is thin providing scant factual details. In it, he states:

---

[1] Defendants are represented separately and all have filed motions to dismiss. This Memorandum Opinion addresses only the motion to dismiss from Defendant Mikielski. The other pending motions to dismiss shall be decided by separate Memorandum Order.

1

> The Defendants conspired together to turn my basic right into a criminal case and charge me. Then violated my due process and fraudulently holding a court session after I claimed it was a violation of my 1st amendment right. They hindered my witness from coming into the hearing and proceeded to extort money from me.

ECF No. 1, page 4.

Elsewhere in his complaint and other subsequent filings, Plaintiff expands only slightly on the factual specifics on which he bases his legal claims. Liberally construing Plaintiff's allegations and arguments[2], his legal claims seem to arise from his criminal conviction for Disorderly Conduct. Plaintiff seeks to enforce the alleged violation of his constitutional rights by way of 42 U.S.C. § 1983. As relief for the alleged violation of his constitutional rights, Plaintiff seeks monetary damages in the amount of $75,000, as well as the resignation of Judge Mikielski.

Defendant Mikielski seeks the dismissal of the claims against her. ECF No. 8. Attached to her motion to dismiss, are state court records[3] regarding Plaintiff's underlying criminal

---

[2] *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*pro se* pleadings are held to "less stringent standards than formal pleadings drafter by lawyers"); *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 ("Our policy of liberally construing *pro se* submissions is "driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2nd Cir. 2006).").

[3] Courts within the Third Circuit have held that a court may take judicial notice of court dockets at the motion to dismiss stage. *See In re Congoleum Corp.*, 426 F.3d 675, 679 n.2. (3d Cir. 2005) (taking judicial notice of "state court proceedings insofar as they are relevant"); *Mollett v. Leith*, 2011 WL 5407359, at *2 (W.D. Pa. 2011) ("A court may also take judicial notice of the docket in Plaintiff's underlying criminal trial.") *aff'd sub nom. Mollett v. Leicth*, 511 Fed. App'x 172 (3d Cir. 2013). Accordingly, this Court will take judicial notice of these documents because they are court records and because their authenticity is undisputed. The review of these records does not necessitate the conversion of the motion to dismiss into a motion for summary judgment. *See Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) ("… certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to a Federal Rule of Civil Procedure 56 motion for summary judgment.").

conviction. ECF No. 8. Plaintiff opposes the pending motion. ECF No. 15. As this motion is fully briefed, it is ripe for disposition by this Court.

Because Plaintiff is proceeding *pro se*, the allegations of his complaint must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must "apply the applicable law, irrespective of whether [Plaintiff] has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). Notwithstanding this relaxed pleading standard, however, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina*, 704 F.3d 239, 245 (3d Cir. 2013).

**Judicial Immunity**

Defendant Mikielski moves to dismiss the claims against her on several bases pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6). Because she is shielded from damages actions by absolute judicial immunity, this is the only basis that needs to be addressed.[4]

Judicial officers are immune from damage suits arising out of their official duties. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in complete absence of all jurisdiction. *Stump*, 435 U.S. at 355-56. Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity

---

[4] "Dismissals for failure to state a claim and on the basis on quasi-judicial immunity are done pursuant to Rule 12(b)(6)." *Constantine v. New Jersey Dep't of Banking & Ins.*, 2024 WL 1988829, at *5 (3d Cir. May 6, 2024). See also 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (West 2024) ("The defense of qualified or judicial immunity has also been held to be properly raised via Rule 12(b)(6) rather than Rule 12(b)(1), although one can find courts not being too particular about the distinction.").

extends to magisterial district judges such as Defendant Mikielski. *Blackwell v. Middletown Borough Police Dep't*, 2012 WL 4033671, at *4 (M.D. Pa. May 30, 2012) *citing Figuero v. Blackburn*, 208 F.3d 435, 441 (3d Cir. 2000).

"A judge will not be deprived of immunity because the action she took was in error, was done maliciously, or was in excess of authority…" *Stump*, 435 U.S. at 356. *See also Forrester v. White*, 484 U.S. 219, 227 (1988) (an act "does not become less judicial by virtue of an allegation of malice or corruption of motive."); *Cleavinger v. Saner*, 474 U.S. 193, 200 (1985) ("Nor can this exemption the judges from civil liability be affected by the motive with which ther judicial acts are performed."). Furthermore, judicial immunity is not forfeited because a judge committed "grave procedural errors," conducted a proceeding in an "informal and ex parte" manner, or performed an action that was "unfair" or controversial. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2005).

Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas*, 211 F.3d at 768. And "[g]enerally … where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Figueroa*, 208 F.3d at 443-44 (cleaned up).

Here, the alleged actions of Defendant Mikielski were performed in her judicial capacity. Plaintiff's allegations relate only to Judge Mikielski's rulings and conduct in connection with the criminal proceedings against him. In particular, Plaintiff claims that she violated his First Amendment rights by way of the conviction; violated her oath of office and the Separation of Powers Act; committed fraud by conducting a hearing to which Plaintiff did not consent;

4

hindered his defense by keeping a witness from testifying but allowing Defendant Calabrese to participate; violated his due process rights by ordering fingerprints before the case concluded; and committed fraud by issuing a sentence that deprives "Plaintiff of money without a contract to do so." ECF No. 1-2, page 2-3. All of these factual allegations relate solely to Defendant Mikielski's conduct in the criminal proceedings against Plaintiff and are therefore shielded from liability.

Additionally, Plaintiff alleges, without any factual support, that Judge Mikielski operated outside of her subject matter jurisdiction. *Id.* Under Pennsylvania law, a magisterial district judge has jurisdiction in summary criminal actions. *See* 42 Pa. C.S. § 1515(a)(1) (providing jurisdiction over summary offenses); 18 Pa. C.S. 5503(b) (disorderly conduct is a summary offense that may rise to the level of a third-degree misdemeanor in certain limited circumstances). Plaintiff's unsupported assertion to the contrary does not make it so.

Because Defendant Mikielski is entitled to absolute judicial immunity, her motion to dismiss will be granted and the claims against her dismissed.

In pro se civil rights actions, "district courts must offer amendment – irrespective of whether it is requested – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Coleman v. Acad. Bus. LLC*, 858 Fed. App'x 584, 585 (3d Cir. 2021) *quoting Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); Fed.R.Civ.P. 15(a)(2) ("the court should freely give leave [to amend] when justice so requires.").

The Court's final inquiry is whether the dismissal of Plaintiff's claims against Defendant Mikielski are with or without prejudice and whether to grant him leave to amend his claims against her. Leave to amend is appropriate unless an amendment would be inequitable or futile.

*Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Here, leave to amend the claims against Mikielski is futile due to the application of absolute judicial immunity.

    Accordingly, Defendant Mikielski's motion to dismiss will be granted. An appropriate Order follows this Memorandum Opinion.