Case 1:23-cv-00326-SPB    Document 32    Filed 06/14/24    Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KYDIAN JAEOVANNI FINNEGAN, )
    Plaintiff )
)
vs. ) C.A.No. 1:23-CV-326
)
MAGISTERIAL DISTRICT JUDGE )
LAURIE A. MIKIELSKI, et al, )
    Defendants. )

**MEMORANDUM ORDER**

U.S. D.J. Susan Paradise Baxter

    This civil rights action was filed by Plaintiff Kydian Finnegan, acting *pro se*. As Defendants, Plaintiff has named Millcreek Township School District and one of its Vice Principals Matthew Calabrese in his official capacity, Millcreek Police Department and Patrolman Jason Shrader in his individual and official capacity, and the Erie County District Attorney's Office and its Investigator Todd Manges in his individual and official capacity.[1]

    Defendants are represented separately. All have moved to dismiss and/or alternatively for a more definite statement.[2] Plaintiff opposes the pending motions. ECF No. 14, 16, and 29.

---

[1] Plaintiff also named Magisterial District Judge Laurie Mikielski in her official and individual capacity as a Defendant to this action. By separate Memorandum Opinion and Order filed this date, she has been dismissed from this action by separate Memorandum Opinion and Order.

[2] One of the Defendants' motions is accompanied by state court records regarding Plaintiff's underlying criminal conviction. ECF No. 10-1. Courts within the Third Circuit have held that a court may take judicial notice of court dockets at the motion to dismiss stage. *See In re Congoleum Corp.*, 426 F.3d 675, 679 n.2. (3d Cir. 2005) (taking judicial notice of "state court proceedings insofar as they are relevant"); *Mollett v. Leith*, 2011 WL 5407359, at *2 (W.D. Pa. 2011) ("A court may also take judicial notice of the docket in Plaintiff's underlying criminal

1

When presented with a motion to dismiss, district courts are to engage in a three-step inquiry in order to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) *quoting Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011).

Because the complaint in this matter is so vague, it is impossible to undertake the required analysis. Plaintiff's *pro se* complaint provides only scant factual details. In it, he states:

> The Defendants conspired together to turn my basic right into a criminal case and charge me. Then violated my due process and fraudulently holding a court session after I claimed it was a violation of my 1st amendment right. They hindered my witness from coming into the hearing and proceeded to extort money from me.

ECF No. 1, page 4.[3] Elsewhere in his complaint and other subsequent filings, Plaintiff expands only slightly on the factual specifics on which he bases his legal claims. Reading between the lines, the legal claims here seem to arise from criminal charges of Disorderly Conduct related to Plaintiff's involvement in a disruptive incident at McDowell High School, part of the Millcreek Township School District.

---

trial.") *aff'd sub nom. Mollett v. Leicth*, 511 Fed. App'x 172 (3d Cir. 2013). Accordingly, this Court will take judicial notice of these documents because they are court records and because their authenticity is undisputed.

[3] Plaintiff seeks to enforce the alleged violation of his constitutional rights by way of 42 U.S.C. § 1983. As relief for the alleged violation of his constitutional rights, Plaintiff seeks monetary damages and the termination of Defendant Manges' employment and mandatory officer training for Millcreek police officers.

Because Plaintiff is proceeding *pro se*, the allegations of his complaint must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*pro se* pleadings are held to "less stringent standards than formal pleadings drafter by lawyers"). However, Plaintiff's complaint is lacking sufficient factual detail to support his legal claims. For example, although Plaintiff names the Millcreek Police Department, the Millcreek School District, and Vice Principal Calabrese as Defendants, the complaint is devoid of any factual allegations relative to the actions of these Defendants. Indeed, Calabrese is not even mentioned in the body of the complaint. By way of further example, Plaintiff claims repeatedly that his First Amendment rights were violated by Defendants as a group but he does not explain how or by whom specifically. Plaintiff's complaint is wholly inadequate. Notwithstanding the relaxed pleading standard applicable to them, *pro se* litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina*, 704 F.3d 239, 245 (3d Cir. 2013).

Plaintiff will be given the opportunity to file an amended complaint. *See Pennsylvania v. Buckshaw*, 2010 WL 1443526 (M.D. Pa. 2010); Fed.R.Civ.P. 15(a)(2) ("the court should freely give leave [to amend] when justice so requires."). The amended complaint must contain a statement of facts which sets forth the relevant details of this case. In civil rights cases, more than conclusory and vague allegations are required in order to state a cause of action. The amended complaint must include relevant dates, times, and locations. It must explain what happened by specifically describing **each** Defendant's behavior or action – or lack of action – that resulted in the alleged constitutional violation. The actions of **each** Defendant must be identified – it is not sufficient to say generally that Defendants did this or that. Plaintiff should relate the relevant facts in chronological order. The amended complaint should include all facts

that Plaintiff believes are relevant and all legal claims he wants to raise. Any allegations of conspiracy are subject to a heightened pleading standard.[4] The amended complaint must also describe the actual injury Plaintiff suffered as a result of the Defendants' alleged violation of his constitutional rights.

AND NOW, this 14th day of June 2024;

IT IS HEREBY ORDERED that the motion to dismiss or for more definite statement filed by Matthew Calabrese and Millcreek Township School District [ECF No. 16] is granted in part and dismissed in part. The motion for more definite statement is granted and Plaintiff will be ordered to file an amended complaint. The motion is dismissed in all other regards but may be renewed following the filing of the amended complaint.

IT IS FURTHER ORDERED that the motion to dismiss filed by the Millcreek Police Department and Jason Shrader [ECF No. 10] and the motion to dismiss filed by the Erie County District Attorneys Office and Todd Manges [ECF No. 25] be dismissed. These motions may be renewed following the filing of the amended complaint.

---

[4] *See Figueroa v. Oberlander*, 2024 WL 2116744, at *4 (W.D. Pa. Apr. 18, 2024) (cleaned up) ("In order to properly plead a civil rights conspiracy claim, the plaintiff must allege: "(1) the specific conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct." Critical to pleading a conspiracy claim is the complaint's "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators to plot, plan, or conspire to carry out the alleged chain of events.").

IT IS FURTHER ORDERED that Plaintiff shall file an amended complaint in accordance with the instructions herein by July 10, 2024. Failure to do so will result in the dismissal of this case for failure to prosecute.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge