IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KYDIAN JAEOVANNI FINNEGAN, | ) | |
| Plaintiff, | ) | C.A. No. 1:23-cv-326 |
| | ) | |
| v. | ) | |
| | ) | |
| MAGISTERIAL DISTRICT JUDGE | ) | |
| LAURIE A. MIKIELSKI, et al, | ) | District Judge Baxter |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil rights action was filed in this Court on November 17, 2024. Plaintiff's *pro se* complaint is thin providing scant factual details. Liberally construing his pro se allegations, Plaintiff's legal claims here seem to arise from criminal charges brought against him based on his involvement in a disruptive incident at McDowell High School. Plaintiff seeks to enforce the alleged violation of his constitutional rights by way of 42 U.S.C. § 1983.

By Memorandum Order dated June 14, 2024, Plaintiff was directed to file an amended complaint by July 10, 2024. ECF No. 32. The Order warned that Plaintiff's failure to do so would result in the dismissal of this case for failure to prosecute. As of today's date, no amended complaint has been filed.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case due to failure to prosecute is appropriate. *Hildebrand v. Allegheny County*, 923 F.3d 128 (3d Cir. 2019) *quoting Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 868 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which

entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. *Id.* at 132, *quoting Poulis*, 747 F.2d at 868. Not all six of the factors need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Fenney*, 850 F.2d 152 (3d Cir. 1988).

Applying the *Poulis* factors to the present matter, this Court will dismiss this matter. Plaintiff was specifically warned that his failure to files an amended complaint would result in the dismissal of this action. Because the factual allegations in the original complaint are so scant, this case cannot proceed without the filing of an amended complaint. Plaintiff is proceeding *pro se* and therefore bears personal responsibility for this failure in the prosecution of his claims. *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). Although it is possible that Plaintiff could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings on the scant allegations in the original complaint. Without Plaintiff's participation in the prosecution of his claims by way of the filing of an amended complaint, this case cannot proceed. Accordingly, this case will be dismissed due to Plaintiff's failure to prosecute. This dismissal will be without prejudice.

An appropriate Order follows.